**David DEAN, Plaintiff—Appellant,**

v.

**Officer J. BALTAS, (FNU); Las Vegas Metropolitan Police Department; Officer Richards, Defendants—Appellees.**

**No. 01–16804.**

**D.C. No. CV–00–00989–PMP/LRL.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.*

Decided Oct. 7, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,** Senior District Judge.

---

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

MEMORANDUM***

David Dean brought this action in district court, asserting claims under 42 U.S.C. § 1983 and related claims under state law. The district court granted summary judgment in favor of the Las Vegas Metropolitan Police Department ("LVMPD") and Officers Baltas and Richards. Dean appeals.

The action arises from Dean's arrest and brief incarceration, during which he allegedly suffered severe injuries. The primary deficiency with Dean's case is that he does not know how he was injured, and proffered no evidence to show how he was injured. His cellmate reported that Dean fell in the cell and hit his head; there is no evidence from any source that any of the officers caused the injury. The district court accordingly was correct in entering summary judgment against Dean on his claims for violation of § 1983 and for battery, intentional infliction of emotional distress, and negligence.

In his opposition to summary judgment, Dean argued for the first time that his arrest had been unlawful. His complaint, however, contains no hint of a claim of false arrest. The district court was not obliged to consider this belatedly raised claim. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291–92 (9th Cir.2000) (district court did not err in refusing to entertain new theory of liability raised for first time at summary judgment stage), *cert. denied,* 533 U.S. 950, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001).

Dean contends that the district court should have allowed him additional discovery. He failed, however, to comply with the requirements of Fed.R.Civ.P. 56(f), which weighs heavily against his argu-

ment. *See Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1533–34 (9th Cir.1989). In the absence of any firm showing that additional relevant facts could have been discovered, the district court did not abuse its discretion in failing to give Dean time and opportunity for further discovery. *See id.*

Dean raises no further arguments of any merit. We accordingly affirm the judgment of the district court. We deny the defendants' request for attorney's fees pursuant to 42 U.S.C. § 1988; we do not find Dean's claim to have been "frivolous, vexatious, or brought to harass or embarrass the defendants." *Benigni v. City of Hemet,* 879 F.2d 473, 480 (9th Cir.1988).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

